## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **JOHN MULHERN, *et al.*,** | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Case No. RWT 13-cv-2376 |
| | * | |
| **NANCY SPENCER GRIGSBY,** | * | |
| *Chapter 13 Trustee* | * | |
| | * | |
| Appellee. | * | |

### MEMORANDUM OPINION AND ORDER

Appellants John Mulhern and Kelly Lea Mulhern (collectively the "Mulherns") appeal an August 2, 2013 Order by the Bankruptcy Court dismissing the Mulherns' Chapter 13 Bankruptcy case. Appellee Nancy Spencer Grigsby, Chapter 13 Trustee (the "Trustee") has moved to dismiss their appeal as moot. For the reasons that follow, the Trustee's Motion shall be denied and a hearing scheduled on the merits of the appeal.

### BACKGROUND

According to the Mulherns, Mr. Mulhern, a sheet metal worker, balanced two jobs in order to support a family of five but was forced to quit one of those jobs due to ongoing health concerns.[1] ECF No. 11 at 6, 8, 10. On December 20, 2011, the Mulherns filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in a "no asset case," resulting in a discharge of debts on March 21, 2012.[2] *Id.* at 6, 14.

---

[1] The Mulherns cite high blood pressure, low testosterone, and diabetes as the health issues that resulted in Mr. Mulhern's reduction of employment. ECF No. 11 at 14. The Mulherns allege that the reduction in employment resulted in a drop in pay from $12,000 monthly to approximately $8,700 monthly, and that any income on the record above $8,700 was due to overtime pay and not base salary. *Id.* at 8, 16–17.

[2] The Mulherns' property was considered completely underwater. ECF No. 11 at 8. The value of the property was $278,000, but the Mulherns had taken out two mortgages against it: the first with America's Servicing Company for $357,498.12, and the second with Greentree Financial Servicing ("Greentree") for $149,552.14. *Id.*

On June 8, 2012, the Mulherns filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and proposed a Chapter 13 Plan in the United States Bankruptcy Court for the District of Maryland.  ECF No. 17 at 1.  On September 11, 2012, the Bankruptcy Court denied confirmation of the Chapter 13 Plan with leave to amend.[3]  ECF No. 14 at 2.  On October 12, 2012, the Mulherns filed an amended Chapter 13 Plan, to which the Trustee objected on the basis that neither the plan nor the case met the 11 U.S.C. § 1325(a)(3) good faith filing requirements.  *Id.*  On May 29, 2013, following an evidentiary hearing, the Bankruptcy Court sustained the Trustee's objection and denied confirmation of the amended Chapter 13 Plan with prejudice.  ECF No. 17 at 1–2.  On June 12, 2013, the Mulherns filed a Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which the Bankruptcy Court denied on July 9, 2013.  *Id.* at 2. That same day, on July 9, 2013, the Mulherns appealed to this Court.  *Id.*  On August 2, 2013, the Bankruptcy Court entered an Order dismissing the Chapter 13 case, and on August 16, 2013 the Mulherns amended their appeal to this Court to incorporate the Bankruptcy Court's dismissal decision.  *Id.* at 3.

## STANDARD OF REVIEW

On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error, while reviewing conclusions of law *de novo*. *See In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014); *In re Travelstead*, 250 B.R. 862, 867 (D. Md. 2000).  "Factual findings are 'clearly erroneous when although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Bulmer v. Bulmer*, Civil No. WDQ-13-1578, 2014 WL 823659, at *4 (D. Md. Fed. 28, 2014) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573

---

[3] Shortly thereafter, on September 15, 2012, the Mulherns filed suit against their secondary lienholder, Greentree, for *in rem* relief on their completely underwater property.  ECF No. 11 at 9.  After receiving no response from the creditor, the Mulherns filed a Motion for Default Judgment on October 24, 2013.  *Id.*  The Bankruptcy Court entered a Default Judgment contingent on the approval of the Chapter 13 Plan.  *Id.* at 10.

2

(1985)).  "[D]e novo review entails consideration of an issue as if it had not been decided previously."  *Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 246 (4th Cir. 2009) (quoting *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992)).

## ANALYSIS

The Trustee asserts that the Mulherns' appeal should be dismissed as moot because the appeal was filed improperly, and thus the Bankruptcy Court's decisions in this case were not appropriately stayed.  She argues that without a properly stayed decision, effective relief cannot be provided by this Court, and as such, the case is moot.  The Mulherns assert that their appeal remains timely and that the Court may still fashion relief for them, thus rendering the appeal not moot.  For the reasons set forth below, the Court agrees with the Mulherns that the instant appeal is not moot.

Generally, there are two types of mootness in bankruptcy appeals: constitutional and equitable.  *See Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002).  "The constitutional doctrine of mootness arises from Article III's jurisdictional 'case or controversy' requirement" and is "characterized by [the court's] 'inability to alter the outcome'" of a case.  *In re Carr*, 321 B.R. 702, 706 (E.D. Va. 2005) (quoting *Matter of UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994)).  Equitable mootness, by contrast, "is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable."  *Mac Panel Co.*, 283 F.3d at 625.

Constitutional mootness is jurisdictional.  *See Townes v. Jarvis*, 577 F.3d 543, 546-47 (4th Cir. 2009) ("[t]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction" (internal quotation marks and citation omitted)).  Equitable mootness, however, is invoked by courts when, for practical reasons, they are able, but "*unwilling*[] to alter the

outcome." *Matter of UNR Indus.*, 20 F.3d at 769.   The Fourth Circuit has applied the equitable

mootness doctrine in the bankruptcy appeals setting:

> [D]ismissal of the appeal on equitable mootness grounds is required when
> implementation of the plan has created, extinguished or modified rights, particularly
> of persons not before the court, to such an extent that effective judicial relief is no
> longer practically available.   The court should reach a determination upon close
> consideration of the relief sought in light of the facts of the particular case.

*Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*,

841 F.2d 92, 96 (4th Cir. 1988) (internal citations omitted).

The Trustee argues that the Mulherns failed to comply with the Fed. R. Bankr. P. 8001,

requiring that a notice of appeal shall be filed with the Clerk of the Bankruptcy Court.   ECF No. 14

at 3.   Accordingly, she avers that the Amended Notice filed with the District Court was

"procedurally insufficient," *id.* at 4, and that the case is constitutionally moot because:

> [R]egardless of this Court's ruling on the appeal, [the Mulherns'] case will still be
> dismissed, meaning – they can no longer confirm a plan; cannot finalize the
> avoidance of the second deed of trust on their residence and cannot now convert
> their case to one under Chapter 11 should they lose the appeal.   Absent dismissal of
> the underlying chapter 13 case, any of these options would have remained available,
> regardless of outcome on appeal.

*Id.* at 6.   The Mulherns counter that their appeal was timely and that filing directly with the district

court instead of the bankruptcy court was a "harmless error."   ECF No. 17 at 4–5.   The Mulherns

argue that constitutional mootness does not apply because the Mulherns still desire to pursue

bankruptcy as evidenced by the remedy sought in the Appellant's Brief: for this Court to "reverse

and overturn the Order Dismissing Case and the Memorandum and Order Denying Confirmation

Without Leave to Amend entered by the Bankruptcy Court."   ECF No. 11 at 37.

## I.      No Penalty Results from the Mulherns' Error in Filing the Appeal

Both parties agree that the appeal in this case was incorrectly filed with the District Court

clerk instead of the Bankruptcy Court clerk.   The Trustee's argument for mootness is based in part

on the contention that this mistake invalidates the present appeal under Rule 8001.   ECF No. 14

4

at 3.  However, Rule 8002 illustrates that a mistakenly filed appeal is not inherently defective and

provides a procedure for perfecting that appeal:

> If a notice of appeal is mistakenly filed in a district court, BAP, or court of appeals, the clerk of that court must state on the notice the date on which it was received and transmit it to the bankruptcy clerk. The notice of appeal is then considered filed in the bankruptcy court on the date so stated.

Fed. R. Bankr. P. 8002(a)(4).  In light of the provisions of this Rule, the Court agrees with the

Mulherns' contention that the mistake was a harmless error and that "no penalty is exacted because

the appellant files in the wrong place."  10-8002 *Collier on Bankruptcy* ¶ 8002.07 (16th ed. 2010).

## II.      The Mulherns' Appeal is Not Constitutionally Moot

The present appeal is not constitutionally moot because there is a live case or controversy,

and the Court has the ability to provide the remedy sought by the Mulherns—specifically, to obtain

a favorable bankruptcy ruling that would enable the Mulherns to retain their house.  If the Court

were to decide to reverse the Bankruptcy Court's decision, the case would be remanded and the

Mulherns would have the opportunity to present a new Chapter 13 Plan or attempt to convert their

case to one under Chapter 11.  All of the cases that the Trustee cites in her motion include

intervening facts or events that render an appellate ruling moot to the outcome of the case.  *See*

*Walker v. Grigsby*, No. CIV.A.AW-06-62, 2006 WL 4877450 (Bankr. D. Md. Apr. 11, 2006)

(finding constitutional mootness since the trustee had already disbursed the bankruptcy estate to

creditors); *In re Halkas*, No. CIV A 2006-2744, 2007 WL 187798 (D. Md. Jan. 22, 2007) (granting

motion to dismiss the bankruptcy appeal contingent on an affidavit or evidence that demonstrated

that all funds from the debtor's bankruptcy estate were paid to creditors); *In re March*, 988 F.2d 498

(4th Cir. 1993) (rendering the appeal moot where the property was sold at foreclosure during the

pendency of the appeal); *In re Lashley*, 825 F.2d 362, 364 (11th Cir. 1987) (finding that a

"subsequent foreclosure renders moot any appeal").  Indeed, absent an intervening fact or event of

which this Court is unaware, such as the foreclosure of the Mulherns' house, the Court's ruling on this matter would have an effect on this case, and therefore cannot be constitutionally moot.  *See Central Transport*, 841 F.2d at 96.

### III.    The Mulherns' Appeal is Not Equitably Moot

The Trustee's Motion to Dismiss argues constitutional mootness in depth but does not argue equitable mootness directly.  *See* ECF No. 14.  As the Mulherns note in their Response, there is no confirmed Chapter 13 Plan at present that would be upset were this Court to overrule the Bankruptcy Court.  ECF No. 17 at 6.  This Court's decision would not interrupt or constrain any third parties or an approved plan and the remedy sought is still practically available.  Accordingly, this appeal is not equitably moot.

### CONCLUSION

The Court finds that the Trustee's arguments are insufficient to render the Mulherns' appeal invalid or moot.  The Trustee's motion will be denied, and a hearing for the appeal will be scheduled.  Accordingly, it is, this 9th day of October, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that the Trustee's Motion to Dismiss Appeal [ECF No. 14] is hereby **DENIED**; and it is further

**ORDERED**, that the Trustee shall file her Appellee's Response Brief on or before **October 26, 2015;** and it is further

**ORDERED**, that the Appellants shall file their Reply Brief, if any, on or before **November 16, 2015**; and it is further

**ORDERED**, that a hearing on the appeal is hereby **SCHEDULED** for **December 1, 2015 at 9:00 a.m.** for one hour.

_____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
